IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 05-cr-00087-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. BRIAN BROOKS,

    Defendant.
_____

**ORDER REGARDING DEFENDANT'S MOTION TO REDUCE SENTENCE**
_____

    This matter comes before the Court on the Unopposed 18 U.S.C. § 3582(c)(2) Motion to Reduce Sentence and Joint Position Statement Regarding Eligibility and Relief [Docket No. 48]. The United States does not oppose the motion. The motion is made pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to reduce the term of imprisonment for a defendant whose sentencing range has subsequently been lowered by the United States Sentencing Commission ("Commission"). On June 30, 2011, the Commission voted to give retroactive effect to its proposed permanent amendment to the sentencing guidelines that implements the Fair Sentencing Act of 2010. The effect of these amendments is to lower the sentencing range for defendants convicted of crack cocaine offenses.

    The Court makes the following findings and conclusions:

    1. At the original sentencing hearing in this case on July 29, 2005, the Court found that the base offense level based on the Drug Quantity Table was 32, the total

offense level was 31, and the defendant's criminal history category was VI, resulting in a guideline sentencing range of 188 months to 235 months. The Court imposed a maximum statutory sentence of 120 months as to Count One (Felon in Possession of a Firearm) and a sentence of 188 months as to Count Two (Possession with Intent to Distribute More Than 50 Grams of Cocaine Base), both terms to run concurrently.

2. On May 1, 2008, pursuant to the Commission's earlier amendment to the guidelines, the Commission lowered the base offense level for crack cocaine offenses. On May 23, 2008, the Court resentenced the defendant after determining that the defendant's amended total offense level was 29, which resulted in a guideline imprisonment range of 151 to 188 months. The order had an effective date of May 28, 2008. The Court sentenced the defendant to 151 months imprisonment, the bottom of the sentencing range for Count Two.

3. The Probation Department has prepared an Addendum to the presentence investigation report dated November 10, 2011, wherein the Probation Department determines that, based on 107 grams of cocaine base, the defendant's base offense level is reduced to 26 and his total offense level is reduced to 25. Docket No. 50. With a criminal history category of VI, the defendant's amended guideline sentencing range is 110 to 137 months imprisonment. *Id*. The defendant's motion contains the same calculation. Docket No. 48 at 3. Because Count Two carries a mandatory minimum sentence of 120 months, the effective guideline sentencing range is 120 to 137 months imprisonment.

4. Neither the defendant nor the United States has asked for a resentencing hearing.

5. Section 3582(c) of Title 18 states that

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission . . . the court may reduce the term
> of imprisonment, after considering the factors set forth in section 3553(a)
> to the extent they are applicable, if such a reduction is consistent with
> applicable policy statements issued by the Sentencing Commission.

Both the government and the defendant agree that the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

6. Consistent with 18 U.S.C. § 3582(c)(2), the Court is to consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (a) whether a reduction in the defendant's term of imprisonment is warranted; and (b) the extent of such a reduction, but only within the limits described in subsection § 1B1.10(b). In addition, the Court is to consider (1) public safety (the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment) and (2) post-sentencing conduct (the conduct of the defendant that occurred after imposition of the original term of imprisonment).

7. Mr. Brooks requests that, consistent with the previous sentences in this case, the Court sentence him to the bottom of the guideline range as to Count Two, i.e. 120 months imprisonment, to be run concurrent to Count One.

8. After considering the factors set forth in 18 U.S.C. § 3553(a), the factors set forth in Paragraph 6 above, and the November 10, 2011 addendum to the presentence investigation report, the Court determines that it is appropriate to sentence the defendant at the bottom of the applicable guideline range as to Count Two, i.e. 120

3

months, and to run such sentence concurrently with his previous sentence as to Count One.

Wherefore, it is ORDERED as follows:

(a)  The Unopposed 18 U.S.C. § 3582(c)(2) Motion to Reduce Sentence and Joint Position Statement Regarding Eligibility and Relief [Docket No. 48] is granted. The defendant's sentence is modified from 151 months imprisonment as to Count Two to 120 months imprisonment as to Count Two, to run concurrent to Count One; and

(b)  All other terms and conditions originally imposed remain in effect to the extent they are not inconsistent with this order.  The Probation Department may also add such terms and conditions of supervised release as are appropriate.

DATED November 22, 2011.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge